HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MEREDITH MCGLOWN,

    Plaintiff,

v.

MELLBURG FINANCIAL GROUP, INC.,

    Defendant.

CASE NO. C17-1815 RAJ

ORDER

This matter comes before the Court on Plaintiff's Motion to Appoint Counsel and Motion for Protective Order. Dkt. ## 5, 6. For the reasons that follow, the Court **DISMISSES** this case with prejudice, thereby terminating the pending motions.

On December 4, 2017, Plaintiff Meredith McGlown filed this action against Defendants Mellburg Financial Group, Inc. ("Mellburg"), Hidaya Foundation, and Fernando Godinez. Dkt. ## 1, 4. In doing so, Plaintiff submitted an application to proceed *in forma pauperis*. Dkt. # 1. The Honorable Mary Alice Theiler granted the application. Dkt. # 3.

Plaintiff alleges Mellburg broke a contract made in 2007 to transport her son "to

ORDER- 1

the Madera area and to deliver him to Canada." Mellburg allegedly broke this contract by giving her son drugs and when an accident occurred that resulted in in the death of her son. *Id.* Plaintiff then filed a Motion to Appoint Counsel (Dkt. # 5) and a Motion for Protective Order (Dkt. # 6). On January 10, 2018, Plaintiff filed an Amended Complaint against Mellburg, omitting Defendants Hidaya Foundation and Fernando Godinez. Plaintiff makes no mention of Godinez in the Amended Complaint, and states that she is the trustee of Hidaya Foundation, Inc. and "the Emirates of Saudia". Dkt. # 9 at 1. Plaintiff also makes no mention of the alleged contract with Mellburg in her Amended Complaint.

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915. The Court is required to dismiss an *in forma pauperis* plaintiff's case if the Court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."). A complaint is frivolous if it lacks a basis in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim if it does not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

Plaintiff alleges that her name was "fraudulently signed" in order to gain her assets and that she is "fully aware of the threats, the coercion, the murders, the kidnappings." The Amended Complaint is eight pages with an additional thirteen pages of exhibits. On the whole, Plaintiff's allegations are conclusory, incomprehensible, and in disarray. For example, Plaintiff alleges that "the assets of [t]he Emirates of Isreal [sic]" were obtained through a "[h]ostile takeover of the Sheik of the Emirates of Isreal [sic]. He was raped, held hostage, drugged, and left with no means to care of Himself and by the time I arrived, his mother, trustee and guardian of the Estate it was compromised. He was taken

to Canada by a man named Abilla Mohammed." Dkt. 9 at 5. These allegations lack any basis in fact and fail to state a plausible claim for which any type of relief could be granted by this Court.

Taking these allegations as true and construing them liberally, the Court concludes that Plaintiff's complaint is frivolous and fails to state a valid claim for relief. The Court **DISMISSES** Plaintiff's complaint **without leave to amend**. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (dismissal without leave to amend is proper where "it is absolutely clear that no amendment can cure the defect"). In doing so, Plaintiff's remaining motions are **MOOT**. Dkt. ## 5, 6.

Dated this 12th day of June, 2018.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge