HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MEREDITH MCGLOWN,

        Plaintiff,

v.

MELLBURG FINANCIAL GROUP, INC.,

        Defendant.

CASE NO. C17-1815 RAJ

ORDER

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff's Motion to Reopen Case and Motion for Court to Make Copies for Evidence. Dkt. ## 15, 18. For the reasons that follow, the Court **DENIES** Plaintiff's Motion to Reopen Case and **DENIES** Plaintiff's Motion for Court to Make Copies for Evidence as moot.

## II.    BACKGROUND

On December 4, 2017, Plaintiff Meredith McGlown filed this action against Defendants Mellburg Financial Group, Inc. ("Mellburg"), Hidaya Foundation, and Fernando Godinez. Dkt. ## 1, 4. In doing so, Plaintiff submitted an application to proceed *in forma pauperis*. Dkt. # 1. The Honorable Mary Alice Theiler granted the application. Dkt. # 3. On June 12, 2018, the Court dismissed Plaintiff's complaint

without leave to amend.  Dkt. # 10.  Plaintiff then attempted to file a Motion for Default and Default Judgment and a "Third-Party Complaint."  Dkt. ## 12, 13.  The Motion for Default and Default Judgment was denied.  Dkt. # 14.  Plaintiff then filed these two additional Motions.  Dkt. ## 15, 18.  Plaintiff, a *pro se* litigant, does not specify what authority under which she brings her motion.   Accordingly, the Court will consider Plaintiffs' Motion under Federal Rules of Civil Procedure 59(e) and 60(b) and Local Rule 7(h).

## III.   DISCUSSION

Motions for reconsideration are disfavored under the Local Rules for the Western District of Washington.  *See* LCR 7(h)(1).  Thus, "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence," such motions will ordinarily be denied.  *Id.*  Motions for reconsideration must be filed within fourteen (14) days of the order on which the motion is based.  LCR 7(h)(2).

While a previous order can be reconsidered and amended under Rule 59(e), the rule offers an "extraordinary remedy" to be used sparingly.  A motion to reconsider "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)(quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); Fed. R. Civ. P. 59.  Rule 60(b) allows a party to seek relief from an order under a "limited set of circumstances, including fraud, mistake, and newly discovered evidence."  *Harvest v. Castro*, 531 F.3d 737, 744 (9th Cir. 2008); Fed. R. Civ. P. 60(b).

As a preliminary matter, as a motion brought under Local Rule 7, Plaintiff's Motion is untimely.  The Order granting Defendants' motion to dismiss was issued on June 12, 2018.  Plaintiff's Motion was filed on August 30, 2018.  Plaintiff's Motion was not filed within the fourteen (14) days required by Local Rule 7(h)(2).  Under Rule 59, a

motion to alter a judgment must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59. Under Rule 60, a motion for relief from judgment must be filed within a "reasonable time" or if brought under circumstances of alleged mistake, newly discovered evidence, or fraud, no more than one year after the entry of the order. Fed. R. Civ. P. 60(c). As Plaintiff's Motion is timely under Rules 59 and 60, and Plaintiff does not indicate what legal authority she brings her Motion under, her arguments, if any, will be still be considered here.

Plaintiff argues that this case should be reopened because Defendant did not have knowledge of the lawsuit. Plaintiff appears to believe that her case was dismissed due to her Motion for Default. Plaintiff's complaint was dismissed because the Court found that it was frivolous and failed to state a valid claim for relief. Plaintiff makes no allegations or argument that any of the grounds for relief available to her under Rule 59, Rule 60 or Local Rule 7 are present here. As Plaintiff provides no basis for reconsideration, Plaintiff's Motion to Reopen Case is **DENIED.** Dkt. # 15. This case will remain closed. Plaintiff's Motion for Court to Make Copies for Evidence is **DENIED as moot.** Dkt. # 18.

Dated this 1st day of October, 2018.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge